HOBSON, Judge.
Petitioner brings this petition for writ of certiorari to review an order of the Florida State Board of Engineer Examiners which revoked his license to practice land surveying for a period of six months and after said period placing him on probation for a period of twelve months.
The petitioner was served with a notice to appear for formal hearing before the respondent Board on August 23, 1971. Said notice provided that the petitioner should appear before the respondent on September 16, 1971. Petitioner appeared before the respondent as provided in the notice with *106 his attorney and at the inception of the hearing moved that the hearing be abated until such time as petitioner was served with a complaint which contains a complete and clear statement of the facts and a statement of the relief sought against him by the complainant.
After hearing argument of counsel the respondent overruled the motion and required petitioner to proceed with the formal hearing under the charges made in the notice to appear.
Petitioner’s motion was based on the respondent’s failure to comply with the Rules of State Board of Engineer Examiners Chapter 21H-4. Rule 21H-4.05 provides that all pleadings in formal proceedings must comply with applicable rules. Rule 21H-4.06 provides that all pleadings relating to formal hearings shall contain, among other things, a complete and clear statement of facts which a party or parties are prepared to prove by competent evidence at the hearing and a statement of the specific relief sought or Board action desired and the legal basis for such relief.
At the time respondent overruled petitioner’s motion it held that the notice to appear for formal hearing would be treated as a complaint and the contents thereof sufficiently complied with its rules.
Rule 21BM-.12(5) provides:
“(5) CONTENTS — In any formal proceeding based upon a complaint, the initial pleadings shall set forth the grounds therefor with such particularity and clarity as to inform the respondent therein named, the issue involved and the particular information or action required to satisfy the complaint.”
The notice which respondent proceeded upon as a complaint set forth the grounds as follows:
“1. Alleged careless and inaccurate survey prepared by you for the INDUSTRIAL SAVINGS BANK, Tarpon Springs, Florida, encompassing that parcel of land more accurately described as Section 1, T 20 S - R IS E, located in Pinellas County, Florida, said survey bearing date of February 26, 1970, as well as subsequent survey made by you on the same parcel of land bearing date of March 9, 1970.
“2. Alleged carelessness and inaccuracy on that certain survey prepared by you on or about April 13, 1970 encompassing that parcel of land more accurately described as Section 7, T 27 S - R 16 E, located in Pinellas County, Florida, prepared for Mr. Alfred Land, Tarpon Springs, Florida.
“3. Failure to comply with conventional surveying practice in the community by refusing to acknowledge inaccuracies in surveys made by you or make corrections after such inaccuracies are brought to your attention, to wit: in connection with a parcel of land in Dixie Park, Unit 1, Pinellas County, Florida; as well as interfering with permanent reference monuments by defacing and obliterating data contained on said monuments located in Silers Shores Addition in Tarpon Springs, Florida.”
Paragraph 3 of the complaint was withdrawn by counsel for the respondent.
Paragraph 1 of the complaint alleged careless and inaccurate surveys and paragraph 2 alleged carelessness and inaccuracy on a survey. These allegations of carelessness and inaccuracy amount to no more than mere conclusions and certainly fall far short of the requirements of the Board’s own rules which provide that the grounds shall be set forth “with such particularity and clarity as to inform th. respondent therein named, the issue involved and the particular information or action required to satisfy the complaint.”
We hold that the respondent did not comply with the applicable rules governing the procedure to be followed in any formal proceeding and therefore the petition for certiorari must be granted. By granting *107 this petition we are remanding the cause to the Florida State Board of Engineer Examiners for appropriate proceedings consistent with this opinion. In view of our holding herein, it is not necessary to rule on the other points raised by petitioner.
LILES, A. C. J., and PIERCE, J. (Ret.), concur.